MILLS, Judge.
The employer and carrier (E/C) in this workers’ compensation appeal contest the deputy commissioner’s award of temporary partial disability (TPD) benefits to Littell. We affirm.
Littell was employed as a tractor-trailer driver for Jet Coat Emultions. On 30 June 1982, he was splashed with coal tar as he attempted to open a valve at the bottom of a tanker.
Dr. Potash, who saw and examined Lit-tell that same day, diagnosed his injuries as second degree chemical burns of the hands and face. The doctor advised Littell not. to work in the sun during the time in which he was healing. He was discharged as having reached maximum medical improvement on 29 July 1982.
Littell was fired during a dispute with the employer while cleaning up the tar spill on the day of the accident. He testified at the hearing that had he not been fired he would have returned to work the next day if needed, and within five or six days of the accident in any event.
The deputy commissioner found that as a result of his injury Littell was unable to engage in his regular truck-driving duties and awarded TPD benefits from the date of the accident through the date of maximum medical improvement.
The E/C contend that the award of TPD benefits was erroneous because of Littell’s own testimony that he would have continued working had he not been fired. That *1146 contention is without merit. The uncontra-dicted medical testimony was that Littell was not to work in the sun during the period in which his burns were healing. Thus, the deputy’s finding that Littell was unable to engage in his regular truck-driving duties is supported by competent substantial evidence, and the award of TPD benefits was proper.
AFFIRMED.
WENTWORTH, J., and McCORD, GUYTE P., Jr., (Ret.), Associate Judge, concur.